United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51075
Summary Calendar

JIMMMY DIAZ

Plaintiff - Appellant

v.

FNU MINGS, Officer; FNU BASCO, Officer; FNU GRIFFEN, Officer

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-673
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Jimmy Diaz, Texas state prisoner # 1201534, appeals the district court's dismissal of his pro se, in forma pauperis, 42 U.S.C. § 1983 complaint. He argues that the district court erred when it dismissed his excessive force claim, which arose from an incident between Officer Mings and Diaz. He contends that Officer Mings used excessive force, causing injuries, and that Officers Basco and Griffen witnessed the incident and failed to provide assistance. Disciplinary proceedings resulted from the incident.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed this action in its entirety based upon Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, 512 U.S. at 486-87, the Supreme Court held that to state a claim under § 1983 for a constitutional violation that, if proven, would imply the invalidity of a criminal conviction or sentence, the plaintiff must first demonstrate that a proper tribunal has held the conviction or sentence invalid. Otherwise, a claim for damages is not cognizable under § 1983. Id. at 487. Heck applies to disciplinary rulings. Edwards, 520 U.S. at 646-48.

The merits of Diaz's excessive force claims were addressed only in the district court's alternative rulings. Diaz fails to discuss in his brief the district court's conclusion that his complaint should be dismissed as frivolous because it was barred by Heck. He also fails to argue that his excessive force claim should survive the Heck-based dismissal. By failing to address the Heck-based dismissal, Diaz has abandoned the sole issue that is before this court. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED.